# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1113
_____

Eric Vimont

*Plaintiff - Appellant*

v.

Bryon Haugen; Cindy Bilyeu; Charles E. Powell; Aaron Greer; Michael Cody
Swearengin; Raquel Morrow; Dr. Mark Woods

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: August 7, 2014
Filed: August 15, 2014
[Unpublished]
_____

Before BYE, SMITH, and KELLY, Circuit Judges.
_____

PER CURIAM.

Eric Vimont appeals the district court's[1] adverse grant of summary judgment
in his action under 42 U.S.C. §§ 1983 and 1985. Upon de novo review, see Joseph

---

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the
Western District of Missouri.

v. Allen, 712 F.3d 1222, 1225 (8th Cir. 2013) (viewing record and all reasonable inferences from it in light most favorable to non-movant), and careful consideration of Vimont's arguments for reversal, including those raised in his reply brief, we affirm. We agree with the district court that the record did not support a substantive due process claim because, among other things, defendants' actions did not rise to the level of conscience-shocking. See Novotny v. Tripp County, S.D., 664 F.3d 1173, 1178 (8th Cir. 2011) (substantive due process claim required showing that county officials used their power in such arbitrary and oppressive way as to shock conscience; theory of substantive due process is properly reserved for truly extraordinary and egregious cases). We disagree with Vimont that the two state statutes he identified created a property interest for purposes of the procedural due process claim asserted in this case. See Schmidt v. Des Moines Pub. Sch., 655 F.3d 811, 817 (8th Cir. 2011) (to set forth procedural due process claim, plaintiff must first establish that his protected property or liberty interest is at stake). We also find no basis in the record for a 42 U.S. C. § 1985 conspiracy claim, because Vimont did not identify the class to which he belonged for purposes of such a claim, much less offer evidence of invidiously discriminatory animus against such a class, or against him due to his membership in such a class. See Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675, 684-85 (8th Cir. 2012) (proof of civil rights conspiracy under § 1985(3) requires showing class-based invidiously discriminatory animus).

As to the state-law claim, Vimont could not defeat summary judgment with unsupported assertions. See Barber v. C1 Truck Driving Training, LLC, 656 F.3d 782, 801 (8th Cir. 2011) (non-moving party must support allegations with enough probative evidence to permit finding in his favor). While the district court did not address Vimont's motion for judicial notice, we fail to see how defendants' answers to specific interrogatories amounted to perjury and, more important, how such answers

call for a different result.  We affirm the judgment of the district court, and deny Vimont's motion for disclosure.[2]

———————————————

[2]The concerns Vimont identifies in his motion have been considered and are unwarranted.